|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT       |   | EASTERN DISTRICT OF TEXAS    |

RICHARD BRODE, §
§
      Plaintiff, §
§
versus § CIVIL ACTION NO. 1:15-CV-118
§
FOREMOST INSURANCE COMPANY §
GRAND RAPIDS, MICHIGAN, STEPHEN §
CZUBAK, and J. SHANE DUNHAM, §
§
      Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Richard Brode's ("Brode") Motion to Remand (#5), wherein Brode seeks remand to state court of this insurance action against Defendants Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), Stephen Czubak ("Czubak"), and J. Shane Dunham ("Dunham"). Brode contends that Foremost's and Czubak's notice of removal was untimely and that complete diversity is lacking.[1] Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.     Background

Brode held an insurance policy with Foremost, a Michigan-based insurance company that insured his boat. On or about May 1, 2014, Brode's boat unexpectedly sank while docked at the Pleasure Island Marina in Port Arthur, Texas. Brode subsequently submitted a claim for insurance benefits. Foremost hired Dunham, an inspector with the Anchor Marine Surveying and

---

[1] Defendant Dunham was not served with process in the state court proceeding. On May 11, 2015, Dunham was served with a summons in this removed proceeding. He has neither answered nor filed a motion under Rule 12 of the Federal Rules of Civil Procedure, and he is not represented by counsel.

Consulting Company, to review the boat's damage and to determine why it sank. On June 18, 2014, Dunham submitted his report to Foremost, concluding that the damage to Brode's boat "was consistent with salt water corrosion, lack of maintenance, and the failure to regularly haul the vessel for inspection." The report went on to state that "the damage was progressive in development, as opposed to a single and sudden occurrence." Dunham made no conclusions or recommendations as to coverage.

On June 19, 2014, Czubak, Foremost's Recreational Products Claim Specialist, sent Brode a letter denying the claim because coverage purportedly did not extend to damage caused by "corrosion, wear and tear, lack of maintenance, [or] water accumulation." On February 6, 2015, Brode filed a state court petition in the 136th Judicial District Court of Jefferson County, Texas, asserting causes of action for noncompliance with the Texas Insurance Code, common law fraud, and conspiracy to commit fraud. On March 19, 2015, Defendants Foremost and Czubak removed the case to federal court based on diversity jurisdiction, alleging that complete diversity of citizenship exists among the real parties in interest, and that the amount in controversy exceeds $75,000.00. On April 15, 2015, Brode filed the instant motion to remand, contending that the notice of removal was untimely and that complete diversity does not exist because both he and Dunham are citizens of Texas.

II. Analysis

    A. Grounds for Removal

"'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Halmekangas*

*v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Scarlott*, 771 F.3d at 887; *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*,

467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). Non-jurisdictional defects in the removal procedure, such as removal by an in-state defendant, however, are waived unless raised in a motion to remand within thirty days after removal. *See* 28 U.S.C. § 1447(c); *Schexnayder v. Entergy La., Inc.*, 395 F.3d 280, 284 (5th Cir. 2004); *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas*, 603 F.3d at 294; *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 333 (5th Cir. 2014); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323. In short, any "'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000)).

B.  Timeliness

Brode first argues that Foremost's and Czubak's notice of removal is untimely. Specifically, Brode asserts that the thirty-day period in which Foremost and Czubak had to remove the case began to run on February 6, 2015—the day that Brode e-mailed a copy of the state court petition to their counsel. Accordingly, Brode argues that Foremost's and Czubak's thirty-day removal deadline expired on March 8, 2015—eleven days before their removal on March 19, 2015. Foremost and Czubak respond that the thirty-day deadline began to run on February 17, 2015—the day on which they received formal service of the summons and the complaint. Foremost and Czubak contend that, as a result, the removal on March 19, 2015, exactly thirty days after February 17, 2015, fell within their thirty-day window and is therefore timely.

"The procedure for removal is set forth by 28 U.S.C. § 1446." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000); *see Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *City of Clarksdale v. BellSouth Telcomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Section 1446(b) provides:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2) (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

5

> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except as provided in subsection (C), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). At issue, here, is whether an e-mailed copy of a state court petition qualifies as "service or otherwise" such that it triggers the commencement of the thirty-day period for removal.

The United States Supreme Court has held that it does not. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). In *Murphy*, the plaintiff faxed a "courtesy copy" of a file-stamped complaint to the defendant after filing suit in state court. *Id.* Thirty days after formal service, but forty-four days after receiving the faxed copy of the complaint, the defendant removed the case to federal court. *Id.* The Supreme Court unequivocally held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.*

Here, the evidence reveals that the summons and complaint were formally served upon Foremost and Czubak on February 17, 2015. Accordingly, the thirty-day removal period began to run on that day, and the notice of removal filed on March 19, 2015, was timely.

C. Complete Diversity

Brode next argues that complete diversity is lacking in this case because both Brode and Dunham are citizens of Texas. It is well-established that federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014); *Halmekangas*, 603 F.3d at 294. In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723. In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294.

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). "'In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal

7

to federal court.'" *Uglunts v. Am. Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *1 (N.D. Tex. July 23, 2013) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)). Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants is a citizen of the state in which the action was brought. *Gasch*, 491 F.3d at 281 (citing 28 U.S.C. § 1441(b)(2)); *Lincoln Prop. Co.*, 546 U.S. at 89; *In re 1994 Exxon Chem. Fire,* 558 F.3d at 391; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006); *Vasquez v. Pease*, No. SA-14-CV-609-XR, 2014 WL 4072084, at *1-2 (W.D. Tex. Aug. 15, 2014).

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96-97 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury*, 85 F.3d at 249 (citing *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 817 (5th Cir. 2007). "'In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties.'" *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (quoting *Coury*, 85 F.3d at 249); *accord Brown v. Mut. of N.Y. Life Ins. Co.*, 213 F. Supp. 2d 667, 669 n.1 (S.D. Miss. 2002).

Although there is no dispute that Plaintiff Brode, a citizen of Texas, and Defendants Foremost and Czubak, citizens of Michigan, are citizens of different states and that more than

$75,000.00 is at issue, complete diversity may be lacking in this case because Defendant Dunham is also a citizen of Texas. Therefore, to establish the existence of diversity jurisdiction, Foremost and Czubak must show that Dunham was improperly joined as a defendant to this action. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *In re 1994 Exxon Chem. Fire*, 558 F.3d at 384-85; *Crockett*, 436 F.3d at 532; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 307-08 (5th Cir. 2005). In determining whether a defendant was improperly joined, the United States Court of Appeals for the Fifth Circuit has stated that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014); *In re 1994 Exxon Chem. Fire*, 558 F.3d at 385 (citing *Smallwood*, 385 F.3d at 573); *Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006). The Fifth Circuit has recognized that there is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Smallwood*, 385 F.3d at 571 n.1.

A determination of improper joinder must be based on an analysis of the causes of action alleged in the petition at the time of removal. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995);

9

*Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Campbell*, 509 F.3d at 669; *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *accord African Methodist Episcopal Church*, 756 F.3d at 793. Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'" *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

In the instant case, because Foremost and Czubak do not claim actual fraud in Brode's recitation of jurisdictional facts, they must demonstrate that there is no possibility that Brode could establish a cause of action against Dunham. *See Mumfrey*, 719 F.3d at 401; *Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387. In other words, the court should find improper joinder if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (rejecting all other phrasings); *see Mumfrey*, 719 F.3d at 401; *In re 1994 Exxon Chem. Fire*, 558 F.3d at 385. "Nevertheless, 'a mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder.'" *Gonzales v. Bank of Am.*, 574 F. App'x 441, 443 (5th Cir. 2014) (quoting *Smallwood*, 385 F.3d at 573 n.9) (internal quotation marks omitted); *see Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 245 (5th Cir. 2014). "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is

no [improper] joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 303, 312 (5th Cir. 2002) (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 402 (5th Cir. 2004); *Smallwood*, 385 F.3d at 589-90.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Travis*, 326 F.3d at 647; *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see Burden*, 60 F.3d at 218-21. Although some federal district courts in Texas have applied the Rule 12(b)(6) standard, the majority have applied the more lenient Texas "fair notice" pleading standard when evaluating the sufficiency of factual allegations for the purpose of determining improper joinder.[2] *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010). *But see Studer v. State Farm Lloyds*, No. 4:13CV413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) (applying federal standard); *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 976-77 (E.D. Tex. 2010) (applying federal standard) (same). While the Fifth Circuit has not addressed the issue in

---

[2] The following are relatively recent cases that have applied the Texas pleading standard: *Conrad v. SIB Mortg. Corp.*, No. 4:14-CV-915-A, 2014 WL 6058234, at *2 (N.D. Tex. Nov. 13, 2014); *Benavides v. Chrysler Grp. LLC*, No. 7:14-CV-518, 2014 WL 5507716, at *2 (S.D. Tex. Oct. 9, 2014); *Sazy v. Depuy Spine, LLC*, No. 3:13-CV-4379, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014); *Cramer v. Logistics Co., Inc.*, No. EP-13-CV-333-KC, 2014 WL 652319, at *5 (W.D. Tex. Feb. 19, 2014); *Newton v. State Farm Lloyds*, No. 4:13-CV-74, 2013 WL 2408127, at *4 (S.D. Tex. May 31, 2013); *Espinoza v. Companion Commercial Ins. Co.*, No. 7:12-CV-494, 2013 WL 245032, at *1 (S.D. Tex. Jan. 22, 2013); *Moreno Energy, Inc. v. Marathon Oil Co.*, No. H-11-4518, 2012 WL 3205618, at *5 (S.D. Tex. Aug. 3, 2012).

a published decision, in *Michels v. Safeco Ins. Co. of Ind.* and *Akerblom v. Ezra Holdings, Ltd.*, two unpublished cases, it applied the Texas pleading standard in its analysis of improper joinder. *Michels v. Safeco Ins. Co. of Ind.*, 544 F. App'x 535, 538 (5th Cir. 2013) ("[T]he district court correctly stated that it first had to examine whether the [plaintiffs] sufficiently pleaded a cause of action under the Texas fair notice pleading standard."); *Akerblom v. Ezra Holdings, Ltd.*, 509 F. App'x 340, 344, 346 (5th Cir. 2013) ("[F]or determining improper joinder *vel non*, [plaintiff's] Texas state-court petition (complaint) is the primary document considered. A Texas state-court petition must 'consist of a statement in plain and concise language of the . . . cause of action.'") (quoting TEX. R. CIV. P. 45(a) & (b)).

After reviewing these authorities, the court is persuaded that applying the state pleading standard is the better approach. Because Brode filed his petition in state court in accordance with the Texas pleading standard, it would be unfair to hold him to the more stringent standard of federal court. *See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011); *Edwea, Inc.*, 2010 WL 5099607, at *5-6; *see also Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) ("[T]he decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands."). Accordingly, the court will examine Brode's state court petition under the Texas pleading standard to determine whether the allegations therein support a reasonable basis for predicting recovery against Dunham, leaving any technical defects to be addressed in state court. *See Murphy v. Broyhill Furniture Indus., Inc.*, No. 3:08-CV-2092-M, 2009 WL 1543918, at *5 (N.D. Tex. June 2, 2009).

Here, Foremost and Czubak claim there is no possibility that Brode would be able to establish a cause of action against Dunham because he was not "engaged in the business of insurance" as required under the Texas Insurance Code. Brode counters that Dunham engaged in the business of insurance by "both determining the value of the loss and the cause of the loss." Foremost and Czubak reply that Dunham did not engage in the business of insurance because he neither "involved himself in the sale or servicing of [Brode's] policy" nor "discussed with [Brode] the coverage provisions under his policy."

After closely reviewing the record, this court concludes that it need not reach a determination as to whether Dunham engaged in the business of insurance. While Foremost and Czubak thoroughly briefed the court on the viability of that claim, they failed to address the other two claims asserted against Dunham: common law fraud and conspiracy to commit fraud. *See Gray*, 390 F.3d at 412 ("[T]he existence of even a single valid cause of action against the in-state defendant (despite the pleading of several unavailing claims) requires remand of the entire case to state court."); *accord Adams v. Wal-Mart Stores, Inc.*, No. 4:15-CV-25, 2015 WL 2198017, at *4 (E.D. Tex. May 11, 2015). Thus, under these circumstances, Foremost and Czubak have not shown that there is "absolutely no possibility that [Brode] will be able to establish a cause of action against the in-state defendant." *Cavallini,* 44 F.3d at 259; *see Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs*, 181 F.3d at 699; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. By neglecting to mention these two claims, Foremost and Czubak have failed to satisfy their heavy burden of proving improper joinder. *See Travis*, 326 F.3d at 649-50; *Hart*, 199 F.3d at 246; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 217. Because the

removing parties have not adduced sufficient evidence to establish that Dunham was improperly joined, the shared citizenship of Brode and Dunham defeats diversity and prevents this court from exercising jurisdiction over this lawsuit. Accordingly, this action should be remanded to the state court in which it was originally filed.

III. Conclusion

Based on the foregoing analysis, Plaintiff's Motion to Remand (#5) is GRANTED. An order remanding this action to the 136th Judicial District Court of Jefferson County, Texas, will be entered separately.

SIGNED at Beaumont, Texas, this 9th day of June, 2015.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE